IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LEONARD G. YOUNG, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-284 |
| | ) | Judge Fischer |
| v. | ) | Magistrate Judge Eddy |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction, (Doc. 54), be denied as moot.

### II. REPORT

Leonard G. Young ("Plaintiff") currently is an inmate incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"), in Huntingdon, Pennsylvania. Plaintiff brings this lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq.*, alleging violations of the First, Eighth, and Fourteenth Amendments to the Constitution of the United States with respect to acts or omissions that allegedly took place during his confinement at the State Correctional Institution at Greene ("SCI-Greene). Am. Compl. (Doc. 35 ¶ 8). This lawsuit was initiated by the receipt of the initial complaint, as an attachment to Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), on March 1, 2010. (Doc. 1). Plaintiff was granted leave to proceed IFP on the same day. (Doc. 2).

Currently before this Court is Plaintiff's motion for preliminary injunction. (Doc 54). In this motion, Plaintiff alleges that, on September 23, 2011, he was placed in his cell without

1

restraints, and his cell door was not properly secured.  Id. ¶ 1.  This allegedly "caused" him "to once again run to the top tier and attempt to climb on[to] [the] pod roof than [sic] get o/c sprayed and put in a security smock and blanket."  Id.  As a result, Plaintiff was "written up" and placed on movement and property restrictions.  Id. ¶¶ 2, 4.  Plaintiff seeks an injunction requiring staff at SCI-Greene to return his property, allow him certain privileges inconsistent with a movement restriction, and transfer him to another correctional facility.  Id. at 2.

Defendants responded in opposition of this motion on September 29, 2011.  (Doc. 55).  The record indicates that Plaintiff was transferred to SCI-Smithfield on or about October 2, 2011.  (Doc. 56 at 2).

A. Analysis

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'"  AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.1988)).  A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'"  Ball v. Beard, 396 F.App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)).  Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of immediate irreparable harm."  Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations

omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90-91.

In the context of prisoner litigation, it is well established that a prisoner-plaintiff's transfer to another institution moots a request for injunctive relief. See, e.g., Mollett v. Leith, No. 09-1192, 2011 WL 5407359, at *13 (W.D. Pa. Nov. 8, 2011) (Kelly, Mag. J.) (citing cases). As it is clear from the record that Plaintiff was transferred shortly after the above-mentioned incident, this motion for preliminary injunction should be denied as moot.

### III.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion for preliminary injunction (Doc. 54) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by December 12, 2011. Failure to file objections will waive the right to appeal. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

November 28, 2011                                  s/Cynthia Reed Eddy
                                                             CYNTHIA REED EDDY
                                                             UNITED STATES MAGISTRATE JUDGE

**cc:**

**LEONARD G. YOUNG, JR.**
GN-9516
SCI Smithfield
1120 Pike Street
PO Box 999
Huntingdon, PA 16652