IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD G. YOUNG, JR., | ) |
|     Plaintiff, | ) Civil Action No. 10-284 |
|     v. | ) |
| | ) United States Magistrate Judge |
| JEFFREY BEARD; *ET AL.*, | ) Cynthia Reed Eddy |
|     Defendants. | ) |
| | ) |

## ORDER OF COURT

Before the Court is Plaintiff's Motion to Stay Litigation (ECF No. 110), which requests this Court to "enter an order staying the above-captioned litigation, until such time as the investigation of the United States Department of Justice of the Pennsylvania State Correctional Institutions' use of solitary confinement on prisoners with mental illness is completed, and a report is issued." *Id*. at 1. The gist of the Motion to Stay is as follows:

> As part of Mr. Young's argument in opposition to Defendants' Motion for Summary Judgment, Mr. Young argued that this Court should consider the prolonged isolation imposed on him by the Department of Corrections, and its undeniably deleterious effect on his mental health, in performing its analysis under the Eighth Amendment. On May 31, 2013, the United States Department of Justice issued a report consistent with Mr. Young's position. (Department of Justice Investigative Report attached hereto and incorporated herein as "Exhibit A.") The Department of Justice's report focused on its investigation of SCI-Cresson's practices of housing mentally ill patients, and concluded that SCI-Cresson's use of solitary confinement on prisoners with serious mental illness violates those prisoners' rights under the Eighth Amendment to the United States Constitution. Exhibit A. The Department of Justice also concluded that the Pennsylvania Department of Corrections' practices and policies relating to the use of solitary confinement appear indicative of the practices in correctional institutions state-wide, and has announced that it is undertaking a state-wide investigation of these practices. Exhibit A.

Memorandum Of Law In Support Of Motion To Stay Litigation (ECF No. 111), at 2.

1

Plaintiff further submits that "the Department of Justice Report concerning SCI-Cresson, as well as any future report dealing with these issues on a state-wide basis, is admissible evidence pursuant to Fed. R. E. 803(8) . . . ." *Id.*

After careful consideration of the motion, memorandum in support, and response in opposition thereto, this Court will deny the motion to stay. The only claim remaining before the Court is, in Plaintiff's own words, his Eighth Amendment, excessive force challenge to "Mr. Young's fourteen hour restraint in a restrictive movement chair at Defendant Anthony Gumbarevic's order and direction," while confined at SCI-Greene. *Id*. at 1. On its face, the Department of Justice Report concerning SCI-Cresson is irrelevant and immaterial to that sole claim.

Plaintiff attempts to connect the Report on SCI-Cresson to his claim of excessive force by arguing that he "has a lengthy and well-documented history of mental illness," "had been confined for over six continuous years in solitary housing within various Pennsylvania Department of Corrections Institutions . . . in near-continuous isolation, . . . generally restricted to his cell with minimal human contact for 22 to 23 hours per day." *Id*. at 1. However, this Court has previously rejected Plaintiff's broad claims about his treatment for mental illness while in the Pennsylvania Department of Corrections custody.

In *Young v. Kahn*, Civil Action No. 11-0380 (W.D.PA.), the theory of Plaintiff's lawsuit was "his belief that he has been denied proper mental health during his incarceration at various DOC facilities" despite a lifelong history of treatment "for mental health problems at a number of different hospitals and institutions and [diagnoses] . . . of serious mental health problems." Report and Recommendation, (Civil Action No. 11-0380, ECF No. 124 at 5). Plaintiff also argued in that case that since his incarceration, "Plaintiff has incurred over 112 misconducts,

which resulted in disciplinary time until 2027, long after his maximum sentence will have run. He complains that his failure to successfully integrate into prison society is the result of improper mental health treatment. He further complains that he was placed into restraints on repeated occasions and has made repeated suicide attempts, which are the result of his deteriorating mental health condition caused by being housed in restrictive prison environments instead of being given proper mental health treatment in a dedicated facility." *Id*.

In granting summary judgment for defendants in the companion case, this Court painstakingly recited the facts of record, and stated:

> There is nothing in the record evidence that suggests that Defendants knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. To the contrary, the record evidence gleaned from Plaintiff's voluminous prison medical record fully supports the entry of summary judgment. Briefly stated, the record is undisputed that Plaintiff began receiving psychiatric treatment from mental health professionals shortly after his arrival at SCI-Greene and his care continued with frequency thereafter, including repeated evaluations, treatment with medications, counseling, and close observation of his status. Some of Plaintiff's recurring issues appear to have stemmed at least in part from his own lack of cooperation in taking prescribed medications. Nevertheless, numerous professionals tended to his mental health during the period at issue in this suit by responding promptly to his needs, including providing treatment following the suicide attempts and addressing Plaintiff's complaints about the medications.
>
> The exercise by a doctor of his professional judgment is not deliberate indifference where an inmate's dissatisfaction with a course of medical treatment entails nothing more than a disagreement over alternate treatment plans. . . . The record evidence in this case simply does not show that Defendants acted with deliberate indifference for purposes of imposing liability under the Eighth Amendment's prohibition against cruel and unusual punishment. Thus, Defendants are entitled to summary judgment with respect to this claim.

*Id*. at 21-22 (citation omitted).

The Report and Recommendation was adopted by United States District Judge David S. Cercone on March 1, 2013, Memorandum Order (ECF No. 126), Judgment was entered in defendants' favor (ECF No. 128), and no further appeal was taken.

Plaintiff "anticipates" that the Department of Justice Report "will tend to support his argument that the six-years of isolation housing at the Defendants' direction caused Mr. Young to decompensate, and should be weighed in the Court's 8th Amendment analysis. Because it is anticipated that the Department of Justice's future report will demonstrate 8th Amendment violations to inmates housed in the same circumstances and treated in the same fashion as Mr. Young, Mr. Young believes that the admission of such a report will necessarily command a finding that a genuine issue of material fact exists, thereby defeating Summary Judgment." Memorandum of Law in Support of Motion to Stay (ECF No. 111 at 4). The Department of Justice Report on SCI-Cresson has no probative value to the sole remaining claim in this case, namely that a particular fourteen hour restraint in a restrictive movement chair on a particular day of his confinement at SCI-Greene amounted to excessive force prohibited by the Eighth Amendment.  Accordingly,

Plaintiff's Motion to Stay (ECF No. 110) is DENIED.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record