IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD G. YOUNG, JR., ) | |
| Plaintiff, ) | Civil Action No. 10-284 |
| v. ) | |
| ) | United States Magistrate Judge |
| JEFFREY BEARD; *ET AL.*, ) | Cynthia Reed Eddy |
| Defendants. ) | |
| ) | |

**SUPPLEMENT TO ORDER OF JUNE 11, 2013 (ECF NO. 113)**

The Court has reconsidered its Order of June 11, 2013 (ECF No. 113) denying Plaintiff's Motion to Stay proceedings in light of Plaintiff's Reply in Support of Motion to Stay Litigation (ECF No. 114). Plaintiff's Reply offers no reason for this Court to reverse its ruling and no justification for granting a stay of these proceedings.

Plaintiff seeks an indefinite stay of this litigation[1] to await an anticipated report with no timetable for completion that may or may not reference SCI-Greene, his place of confinement in late September 2009, when the conduct of which Plaintiff complains took place, and particularly on September 20-21, 2009, when his liberty was restricted by, among other things, use of a restraint chair for fourteen hours. This case is not about systemic problems in the Commonwealth of Pennsylvania's corrections system, however; it is about Plaintiff's behaviors in close temporal proximity to the incidents in late September, 2009 of which he complains, and defendants' responses and motivations for their responses (i.e., whether for punitive or for legitimate penological reasons).

---

[1] "[U]ntil such time as the investigation of the United States Department of Justice of the Pennsylvania State Correctional Institutions' use of solitary confinement on prisoners with mental illness is completed, and a report is issued." Plaintiff's Motion to Stay Litigation (ECF No. 110, at 1).

Plaintiff asserts that this Court "cannot make an informed decision, and the parties cannot make informed arguments, about the relevance and admissibility of the Department of Justice state-wide report, because that report is not yet available." Plaintiff's Reply in Support of Motion to Stay Litigation (ECF No. 114, at 3). While it is premature to address issues of relevance and admissibility of the non-existent report, the anticipated report would appear to be of limited probative value in resolution of the discrete and particular matters remaining in Mr. Young's case. Given that, this Court does not find it appropriate to stay the proceeding indefinitely.

The Court is quite sympathetic to the serious underlying problems addressed by the Department of Justice's May 31, 2013 Report on its investigation into the use of solitary confinement on prisoners with serious mental illnesses at SCI-Cresson, Exhibit A, Plaintiff's Motion to Stay (ECF No. 110-2), as well as to Mr. Young's mental health and condition. However, this case is not the vehicle for addressing these broader problems.[2] Rather, this case presents the more familiar and common "conditions of confinement" case based on discrete events occurring within a fairly narrow time frame (late September, 2009).

The Court's ruling denying the Motion to Stay will stand.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

June 18, 2013

cc: all counsel of record

---

[2] The Court notes that a more appropriate vehicle for addressing these systemic concerns is pending in the Middle District of Pennsylvania. *See Disability Rights Network of Pennsylvania v. Wetzell*, Civil Action No. 1:13-cv-0635 (M.D.PA.).